UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────
DAVID KINLOCK,

       Plaintiff,                 11 Civ. 8696 (JGK)

  - against -                MEMORANDUM OPINION
                                       AND ORDER
MARTHA E. YOURTH,

       Defendant.
─────────────────────────────────

JOHN G. KOELTL, District Judge:

The plaintiff, David Kinlock, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights, stemming from a case summary report prepared by the defendant, Martha Yourth, a former employee of the New York State Board of Examiners of Sex Offenders ("the Board"). The defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally

1

sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal

2

quotation marks omitted).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (internal quotation marks omitted).  Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled."  Id.

**II.**

The following factual allegations set forth in the Complaint are accepted as true for the purposes of this motion to dismiss unless otherwise noted.

On April 27, 2006, the County Court in Dutchess County convicted the plaintiff of rape in the third degree.  See People v. Kinlock, 870 N.Y.S.2d 918 (App. Div. 2009).  Subsequently, the Board was tasked with reviewing the defendant's past criminal history to aid in assessing the defendant's risk level.  (Compl. ¶ 3.)  The defendant, an employee of the Board, was assigned to complete a case summary report, recommending a risk level for the plaintiff based on his criminal history.  (Compl. ¶ 10.)

On August 14, 2007, the defendant submitted her case summary report to the County Court in Dutchess County.  (Compl. ¶ 9.)  The plaintiff contends that the defendant's summary

report contained "false, perjured and misleading statements" with regard to two items. (Compl. ¶ 13.) First, the report states that the plaintiff was arrested in 2001 for forgery in North Carolina. (Compl. ¶ 14.) The plaintiff asserts that this information is incorrect because while the plaintiff had a warrant issued for his arrest in North Carolina, he was never actually arrested. (Compl. ¶ 14.) Second, the report states that the plaintiff was convicted of burglary and fraud in early 2002. (Compl. ¶ 15.) The plaintiff contends that this information is erroneous because the burglary and fraud charges were dismissed and the plaintiff was only convicted of a charge relating to false checks. (Compl. ¶ 15.)

The County Court in Dutchess County issued an order on September 25, 2007, which, after a hearing, designated the plaintiff a level three sex offender pursuant to New York Correction Law article 6-c. See People v. Kinlock, 888 N.Y.S.2d 119, 120 (App. Div. 2009). The plaintiff alleges that the defendant's "misleading statements" in the case summary report were "used against Plaintiff" in his risk level assessment. (Compl. ¶ 13.) The plaintiff appealed this order, and the New York State Supreme Court, Appellate Division, affirmed the order. See Kinlock, 888 N.Y.S.2d at 120.[1]

---

[1] In addition, the plaintiff brought a petition, pursuant to Article 78 of the New York Civil Practice Law and Rules,

4

The Complaint in this case was dated and signed by the plaintiff on November 16, 2011, and was received by the Pro Se Office and docketed on November 28, 2011. The plaintiff alleges that the defendant violated his civil rights by preparing a grossly negligent criminal history report that was used in the plaintiff's risk level assessment. The plaintiff seeks declaratory and injunctive relief against the defendant as well as compensatory damages.

### III.

The defendant contends that the plaintiff's claims for violations of § 1983 are time-barred. In New York, the statute of limitations governing § 1983 actions is three years. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (internal citations omitted). The three-year period also applies to the plaintiff's claims for declaratory and injunctive relief. See Williams v. Walsh, 558 F.2d 667, 671 (2d Cir. 1977) ("[W]hen . . . a suit in aid of a federally-created right is brought seeking both legal and equitable relief, 'equity will withhold its remedy if the legal right is barred by the local statute of limitations.'") (internal citations omitted). The

---

challenging his risk level assessment. (Hartofilis Decl. Ex. C.) The petition, which was served on November 2, 2007, named "Board of Examiners, Martha E. Yourth," as the respondent. In that petition, the plaintiff also contested the defendant's case summary report. (Hartofilis Decl. Ex. C.)

statute of limitations in a § 1983 claim begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks and citation omitted).

Here, the plaintiff learned of his injury on September 25, 2007, when an order was issued designating the plaintiff a level three sex offender. Thus, the statute of limitations began to run on September 25, 2007, and any action should have been filed within three years of this date.[2] Indeed, the plaintiff had no difficulty in appreciating his alleged injury because he brought his Article 78 petition contesting his risk assessment less than two months after his designation. The Complaint in this case, dated November 16, 2011, is therefore untimely. Accordingly, the defendant's motion to dismiss the Complaint on the grounds that it is barred by the statute of limitations is granted.[3]

---

[2] Although the plaintiff refers to continuing harm from the report, the continuing violation doctrine is not applicable here. The plaintiff is complaining of one discrete injury, and he was aware that this injury was actionable in 2007. See Konigsberg v. Lefevre, 267 F. Supp. 2d 255, 262-63 (N.D.N.Y. 2003) ("A party cannot invoke the doctrine to avoid statute of limitations problems when he knew after each allegedly wrongful act that it was actionable, but chose not to file federal claims regarding them within the limitations period.") (internal citation omitted).
[3] Because the plaintiff's claims are plainly barred by the statute of limitations, it is unnecessary to address the additional arguments raised by the defendant.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss the Complaint is **granted**, and the Complaint is dismissed.

The Clerk is directed to enter judgment in favor of the defendant and to close this case. The Clerk is also directed to close any pending motions.

SO ORDERED.

Dated:  New York, New York
        September 27, 2012

_____
John G. Koeltl
United States District Judge